NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY THOMPSON, SR., | : |
| Plaintiff, | : Civil No. 05-4420 (GEB) |
| v. | : O P I N I O N |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

APPEARANCES:

    GARY THOMPSON, SR., 708635/523997, Plaintiff Pro Se
    Northern State Prison, E-1
    P.O. BOX 2300
    168 Frontage Road
    Newark, New Jersey 07114

BROWN, JR., CHIEF JUDGE

    Plaintiff Gary Thompson, Sr. ("Thompson"), confined at the Northern State Prison in Newark, New Jersey ("NSP"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon Plaintiff's affidavit of indigence and prison account statement, this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of

the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against the Plaintiff; (4) direct the agency having custody of the Plaintiff to deduct an initial partial filing fee payment of $1.40 from Plaintiff's institutional account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct the agency having custody of the Plaintiff to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the Complaint to identify cognizable claims. The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] seeking damages for alleged violations of rights secured by the Constitution and laws of the United States. Defendants appear to be the State of New Jersey; Mercer County; Joseph Santiago, Director of the Trenton Police Department; and the Trenton Police Department. (Compl., Caption and ¶ 4.)

Plaintiff assets the following facts: In September, 2003, he was allegedly assaulted by seven or eight men in Trenton, and robbed of $15.00. (Compl., ¶ 6.) Plaintiff allegedly sustained a number of injuries, after being beaten in the face. Apparently, Plaintiff made it to the Capital Health System on Bellevue Avenue, and Defendant Salerno afterward sent police to investigate, but they were unable to find out who had assaulted and robbed Plaintiff. (Id.)

---

[1]   42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct

deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had

knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). The Court will now analyze Plaintiff's claim to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B. Analysis

Plaintiff has not set forth facts sufficient to permit the inference that the alleged violations of his constitutional rights were committed with deliberate indifference to his health or safety by any Defendant. The Complaint nowhere asserts that Defendant Santiago knew of a pending assault and robbery upon Plaintiff and failed to take action. Negligence, or a lack of due care under the circumstances, is insufficient to support a cognizable failure to protect claim under § 1983. Davidson v. Cannon, 474 U.S. 344, 347 (1986).

In order to state a viable claim for a failure to protect a prisoner from harm, Plaintiff must show that he faced a pervasive risk of harm and that the Defendants displayed deliberate indifference to this danger. See, e.g. Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). Plaintiff simply has not set forth facts sufficient to support a failure to protect claim with respect to Defendants Santiago or Mercer County. Cf. Taylor v. Plousis 101 F.Supp.2d 255, 269 (D.N.J. 2000)(no suggestion that

any defendant knew the plaintiff would be at risk by placing him in contact with other inmates). The Complaint fails to indicate that these Defendants knew that Plaintiff would be assaulted and deliberately allowed the assault to occur. It cannot reasonably be inferred from the Complaint that either of these Defendants knew that Plaintiff faced an excessive risk of attack and nevertheless deliberately failed to act. The Complaint raises nothing more than claims of negligence and respondeat superior liability, neither of which is sufficient to support a cognizable claim under § 1983. See Davidson v. Cannon, supra; Rode, supra.

The Court also notes that the State of New Jersey and Trenton Police Department are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, (1989); see also Powell v. Ridge, 189 F.3d 387 (3d Cir.), cert. denied, 528 U.S. 1046 (1999); Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (Office of Sheriff is not a legal entity separate from the sheriff and the county government); PBA Local No. 38. WoodbridgeD Police Dept., 832 F.Supp. 808, 825-26 (D.N.J. 1993) (police department not a "person" under § 1983; citing cases); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook County Jail not a

"person" under § 1983). The Complaint also will be dismissed as against these Defendants.[2]

---

[2] The Court also notes that with respect to claims against Mercer County, Plaintiff has failed to set forth any facts permitting the inference that he was injured and robbed pursuant to an official custom or policy. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978) ( municipality may be found liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury."). The facts outlined in the Complaint simply do not permit the inference that a Mercer County custom or policy exists encouraging the violation of Plaintiff's constitutional rights. Compare Montgomery v. De Simone, 159 F.3d 120, 126-27 (3d Cir. 1998) (municipality is not liable for malicious prosecution by police officer where plaintiff points to no inadequacy in the police training program and fails to allege any action or inaction by the municipal defendants that could be interpreted as encouraging the malicious prosecution) with Bielevicz v. Dubinon, 915 F.2d 845, 849-52 (3d Cir. 1990) (city may be liable for false arrest where city had a custom of acquiescing in arrests for public drunkenness without probable cause and failed to remedy the problem). The Court also will dismiss the Complaint as against Mercer County and it Board of Freeholders.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

                                              GARRETT E. BROWN, JR., CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

DATED September 26, 2005